IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-910-A |
| | § | |
| WELLS FARGO BANK, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

<u>Background</u>

Plaintiff, James Davis, initiated this action by filing his original petition in the District Court of Tarrant County, Texas, 141st Judicial District, naming as defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Lakeway Family Trust removed the action, alleging that this court has subject matter jurisdiction by reason of diversity of citizenship, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by 28 U.S.C. § 1332.

The allegations in the state court pleadings pertain to plaintiff's property on Lakeway Drive in Keller, Texas. Plaintiff claims that Wells Fargo was not the holder of the note on the subject property and therefore lacked the authority to foreclose on the property. Plaintiff asserts claims against Wells Fargo for breach of contract and violations of the United States Bankruptcy Code, Texas Finance Code, and Real Estate Settlement Procedures Act and seeks unspecified damages, attorney's fees, a temporary restraining order, temporary injunction, permanent injunction, and a declaratory judgment (1) declaring that the deed or deed of trust for the subject property is invalid and unenforceable, (2) prohibiting Wells Fargo from proceeding with eviction or foreclosure proceedings, (3) requiring Wells Fargo to produce the promissory note for the subject property, (4) declaring that any attempt to evict or take possession of the subject property is an action to collect a debt, and (5) awarding title and possession of the property to plaintiff.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000). For subject matter jurisdiction based on diversity

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

3

of citizenship, diversity must be complete. <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996)

III.

<u>Improper Removing Party</u>

This action has been removed by Lakeway Family Trust. The notice of removal has captioned the action "James Davis v. Wells Fargo Bank, N.A., Lakeway Family Trust." However, the state court documents attached to the notice of removal clearly show that plaintiff's original petition is captioned "James Davis v. Wells Fargo Bank, N.A." According to the petition, plaintiff, who is the trustee for Lakeway Family Trust,[2] has brought his claims solely against Wells Fargo. Nowhere do any of the attached state court documents indicate that Lakeway Family Trust was ever added as a defendant in this action. As a state court action may only be removed by a defendant to the action, Lakeway Family Trust is without authority to remove this action. <u>See</u> 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original

---

[2] The court notes that although the original petition claims that plaintiff, James Davis, is the trustee for Lakeway Family Trust, the signature on notice of removal is by Ronald Johnson, who also claims to be trustee for the Lakeway Family Trust.

4

jurisdiction, may be removed <u>by the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending.") (emphasis added).

### III.

### Diversity of Citizenship

Additionally, the notice of removal wholly fails to allege the citizenship of any of the parties. The notice of removal states generally that "[f]or purposes of diversity, an individual is a citizen of the state of their domicile, which is the place of their true, fixed, and permanent home and principle establishment, to which they have the intention of returning home whenever they are absent there from." Notice of Removal at 2. The notice of removal further claims that "there is a complete diversity of citizenship between the Plaintiff and Defendants." <u>Id.</u> Such conclusory statements are insufficient to establish diversity of citizenship. Also, the court can find no statement of the citizenship of any of the parties in any of the state court documents attached to the notice of removal. Therefore, even assuming that Lakeway Family Trust is a defendant in the

5

action, no information has been provided to the court that would enable the court to determine that citizenship of the plaintiff is diverse from the citizenship of each defendant. Thus, Lakeway Family Trust has not shown by a preponderance of the evidence that complete diversity of citizenship exists.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED December 18, 2013.

_____
JOHN McBRYDE
United States District Judge